UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

| | | |
|---|---|---|
| GANNETT PRODUCTIONS, LLC d/b/a IRL PRODUCTIONS, | : | |
| Plaintiff, | : | Civil No.: |
| v. | : | COMPLAINT |
| IRL EVENTS, LLC and MARY DOLAHER, | : | **JURY DEMAND** |
| Defendants. | : | |

---

The Plaintiff, Gannet Productions, LLC d/b/a IRL Productions ("IRL Productions"), through its undersigned counsel of record, The Jayaram Law Group, Ltd. for its Complaint against defendants IRL Events LLC and Mary Dolaher (collectively "Defendants") alleges as follows:

### PARTIES

1. IRL Productions is a New York limited liability company with its principal place of business in Brooklyn, NY.

2. Defendant IRL Events, LLC ("IRL Events") is a Delaware limited liability company. Upon information and belief, its principal place of business is in Massachusetts.

3. Defendant Mary Dolaher ("Ms. Dolaher") is an individual, who upon information and belief resides in Massachusetts. Upon information and belief, Ms. Dolaher is, and has been at all relevant times, a principal of IRL Events and in that capacity directly and personally participated in, and exercised control over, the acts of trademark infringement and unfair competition described herein, with full knowledge

1

that such activity violated IRL Productions' exclusive trademark rights, or specifically directed that others perpetrate the actions of the trademark infringement and unfair competition described herein, with full knowledge that such conduct was wrongful.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 because the actions described in the Complaint arise under the Lanham Act and present a federal question over which this Court has jurisdiction pursuant to § l338(a).

5. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) because IRL Productions' state law claims are so related to federal claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. This Court has personal jurisdiction over the Defendants pursuant to N.Y. C.P.L.R. § 302(a) because the acts alleged herein form the basis for jurisdiction, specifically, the commission of the Defendants' tortious conduct as described herein in the State of New York, in this District.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTS

### I. IRL Productions and the IRL Mark

8. IRL Productions is a marketing and event-planning agency that creates brand exposure through strategic partnerships, creative digital integrations, cross-platform events, online content and product placement.

9. Since 2010, IRL Productions has been offering its marketing and event planning services to consumers nationwide and around the world, where it has produced many successful events.

10. In the past seven (7) years in the industry, IRL Productions has worked with such companies as Vimeo, Lionsgate, Samsung, Oculus, OUYA, The Wall Street Journal, Propel Water, Nokia, Scotts Miracle-Gro, NVIDIA, Conduit, OpenSky, Kraft, SF Film Festival, Tribeca Film Festival, Haaretz, The Li.st, Marie Claire, Ralph Lauren, OMEGA, and IDG publications, among many others. For these companies, IRL Productions has produced multi-day events, influencer dinners, conferences, and innovative consumer experiences.

11. IRL Productions began using the IRL trademark (the "IRL Mark") in connection with experimental marketing, digital integration, event design and direction, event production, brand strategy and concept development on May 18, 2010.

**II. Defendants' Prior Knowledge of IRL Productions and the IRL Mark**

12. Upon information and belief, the defendant IRL Events is a marketing and event-planning agency which focuses on the production of events for its clients.

13. Upon information and belief, IRL Events did not enter the marketplace until sometime in late 2016, when it formed a limited liability company in Delaware.

14. Defendant Mary Dolaher, the current CEO of IRL Events, worked at IDG Events with a team of at least six (6) other employees, including an individual named Shanna Cito.

15. Ms. Dolaher, Ms. Cito and the rest of the IDG team knew about IRL Productions since at least as early as 2013.

16. In 2013 and 2014, Ms. Dolaher and her team organized the E3 event in Los Angeles. Both years the event was conducted in June at the Los Angeles Convention Center.

17. In 2013, IRL Productions assisted its client Ouya in establishing a presence near, but not in, the Los Angeles Convention Center during the E3 event.

3

18. Because Ouya had not paid fees to participate in the event but was availing itself of the relevant crowds gathered in the area, Ms. Dolaher's team retaliated by renting space in front of the Ouya set-up and placing large trailers there to block E3 attendees from seeing the Ouya set-up.

19. On June 11, 2013 IRL Productions sent an email to Shanna Cito to set up a time to discuss the matter and reconcile the entities' differences.

20. On June 12, 2013 Ms. Cito replied to an @irlproductions.com email address and suggested IRL Productions meet with her to establish a way for Ouya to formally participate in the E3 event.

21. In 2014, IRL Productions, on behalf of its client Nvidia, discussed, negotiated and executed an agreement to participate in the June 2014 E3 event with Ms. Dolaher and her team.

22. Due to event date changes, Ms. Dolaher signed an agreement with IRL Productions on two separate occasions. On both documents, "IRL Productions" is referenced in the contract; once right next to Ms. Dolaher's signature.

23. In other words, the current CEO of IRL Events executed two binding contracts in the past with IRL Productions.

### III. Creation of IRL Events

24. In January 2017, IRL Productions received information that Shanna Cito, with whom it had contact previously, was working at an event-planning agency that was calling itself "IRL Events." IRL Productions was shocked to learn that someone they knew was using a nearly identical name to offer nearly identical services in the same channels of trade and industry verticals as IRL Productions.

25. Without question, when IRL Events began offering its services using the term 'IRL' in its name, it was aware of IRL Productions through its CEO, Defendant Ms. Dolaher, employees and others within the industry.

26. On or about January 31, 2017, IRL Productions sent Defendants a letter demanding they cease and desist their usage of a nearly identical mark. The letter addressed to Ms. Dolaher, placed Defendants on notice that they were directly violating IRL Productions' exclusive right to use the IRL Mark.

27. On or about February 27, 2017, IRL Events responded to IRL Productions' demand, claiming the IRL Events mark was not likely to cause confusion.

28. On or about March 29, 2017, IRL Events submitted U.S. Service Mark Application number 87/390,607 for trademark registration with the United States Patent and Trademark Office (the "USPTO") in class 035 (the "IRL Events Mark Application") despite its awareness of the existence of the senior IRL Mark.

29. According to the IRL Events Mark Application, IRL Events began offering its services in U.S. commerce on September 4, 2016.

30. On or about April 28, 2017, IRL Productions submitted its U.S. Service Mark Application number 87/429,790 for trademark registration with the United States Patent and Trademark Office (the "USPTO") in class 035 (the "IRL Productions Mark Application").

31. IRL Productions is the senior user since it began using 'IRL' as a trademark in the event planning space at least six (6) years before IRL Events' alleged its first use in commerce.

## IV. Actual Consumer Confusion

32. More recently, this summer IRL Productions became aware of at least two (2) occurrences of actual confusion in the marketplace between IRL Productions' senior use of the IRL Mark and IRL Events' infringing use of its mark.

33. For example, on or about June 12, 2017, IRL Productions received an email from a confused consumer looking for "Shanna Cito" to ask about "vendors for IRLs [sic] events and activations."

34. In Los Angeles, sometime in late June 2017, the founder and CEO of a major event planning company, after hearing 'IRL' was in the building on a scouting mission, approached an IRL Productions' principal to ask her about production of the 'E3 conference,' a conference which is produced by IRL Events, not IRL Productions.

35. Sometime in June 2017 IRL Productions became aware that IRL Events was operating a website selling its services through the URL www.irl-events.com.

36. IRL Productions has offered its services under the IRL Mark to consumers on a nationwide scale via its own website, www.irlproductions.com, for many years.

37. Like IRL Productions, IRL Events promotes its services through social media websites such as LinkedIn.

38. IRL Events' LinkedIn page directly attracts New York consumers and represents that it has employees located in New York.

39. Despite being notified that IRL Events is a junior user, Defendant Ms. Dolaher continues to aggressively and unlawfully build a brand under a name that is confusingly similar to the IRL Mark, which has already caused actual confusion in the marketplace.

40. IRL Events has advertised and offered to sell services that infringe IRL Productions' exclusive rights associated with the IRL Mark to consumers in New York.

Defendants did this knowingly or having reason to know that consumers throughout this judicial district would purchase these infringing services in New York.

41. Defendants' acts of trademark infringement constitute tortious conduct in New York.

### FIRST CAUSE OF ACTION
### Violation of Lanham Act, 15 U.S.C. §1125(a):
### False Designation of Origin, False Description and False Representation Against Defendant IRL Events and Defendant Mary Dolaher

42. IRL Productions repeats and re-alleges the allegations contained in paragraphs one (1) through forty-one (41) as though fully alleged herein.

43. IRL Productions' exclusive rights in the IRL Mark are superior to any rights that IRL Events may claim in and to the IRL Events mark.

44. Defendants' unauthorized use of a mark which is confusingly similar to the IRL Mark constitutes a false designation of origin, a false or misleading description of fact, and a false or misleading representation of fact suggesting that IRL Events' services originate with, are sponsored by, or are approved by, IRL Productions, or that IRL Events and its services are affiliated with, connected to, or associated with IRL Productions.

45. Defendants' unlawful conduct constitutes a violation of § 43(a) of the Lanham Act 15 U.S.C. § 1125(a).

46. As a result of Defendants' unlawful and willful acts, IRL Productions has suffered, and continues to suffer, irreparable injury for which no adequate remedy at law exists.

### SECOND CAUSE OF ACTION
### Deceptive Acts and Practices Under New York State Law Against Defendant IRL Events and Defendant Mary Dolaher

47. IRL Productions repeats and re-alleges the allegations contained in paragraphs one (1) through forty-one (41) as though fully alleged herein.

48. IRL Events' use of the IRL Mark, jointly controlled by Ms. Dolaher, constitutes deceptive acts and practices in violation of N.Y. Gen. Bus. Law § 349, and will continue to do so unless Defendants are enjoined.

49. Upon information and belief, the aforementioned actions and conduct of Defendants have been committed willfully and knowingly.

50. As a result of Defendants' unlawful and willful acts, IRL Productions has suffered, and continues to suffer, irreparable injury for which no adequate remedy at law exists.

## PRAYER FOR RELIEF

WHEREFORE, IRL Productions respectfully requests that this Court enter judgment in favor of IRL Productions and against IRL Events and Mary Dolaher and an order:

(a) Permanently enjoining IRL Events and Mary Dolaher from:

   (i) using the IRL Events Mark, as well as any name or mark, or colorable imitation thereof, that is confusingly similar to the IRL Mark;

   (ii) continuing acts of false designation of origin or unfair trade practices that may cause IRL Events' services to be mistaken for, confused with, or passed off as, IRL Productions' services; and

   (iii) otherwise infringing the IRL Mark.

(b) Requiring IRL Events to deliver up for destruction all goods, signs, packaging, literature, advertising and other materials bearing the infringing IRL Events mark, as well as any confusingly similar name or mark, or colorable imitation thereof, used in connection with the IRL Events mark;

(c) Requiring IRL Events to remove the IRL Events mark, and any confusingly similar or substantially similar name or mark, from its website(s), HTML code, search engine query terms and any other electronic communications hosts, links and devices;

(d) Ordering IRL Events and Mary Dolaher to pay costs of this action, including attorneys' costs and fees, incurred by IRL Productions in connection with Defendants' acts of false designation of origin, false description and false representation, infringement, unfair competition, and deceptive acts and practices;

(e) Directing IRL Events to file with this Court and to serve on IRL Productions within ten (10) days after issuance of an injunction, a report in writing, under oath, setting forth in detail the manner and form in which IRL Events has complied with the injunction; and

(f) For any other relief this Court deems just and proper.

Respectfully Submitted,

/s/ Wendy Heilbut

Wendy Heilbut, Esq.
Jayaram Law Group
142 West 57th Street, 11th Floor
New York, NY 10019
wendy@jayaramlaw.com
T: 646.596.1322
Counsel for IRL Productions